[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12385
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 3, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00221-CV-A-N

CONTINENTAL CASUALTY COMPANY,

Plaintiff-Appellant,

versus

ALABAMA EMERGENCY ROOM
ADMINISTRATIVE SERVICES, P.C.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 3, 2009)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

Continental Casualty Company ("Continental") filed this declaratory judgment

action against Alabama Emergency Room Administrative Services, P.C. ("the

Insured"), seeking a declaration that the Insured owed Continental additional premium on a workers' compensation insurance policy ("the Policy"). The Insured provides medical staffing to hospital emergency rooms. Continental pursued its claim on the theory that an initial premium for the Policy was calculated based on the Insured's statements regarding the remuneration paid its employees, but that the doctors the Insured provided to cover shifts at hospital emergency rooms also should be considered persons who could subject the Insured to workers' compensation liability and therefore their remuneration should be considered in the premium calculation. The Insured argued that the physicians were independent contractors rather than employees and, therefore, the doctors could not subject the Insured to workers' compensation liability and should not be included in the premium calculation.

The parties agreed to submit the case to the district court for resolution based on agreed facts and briefs. The district court found that the Policy provided coverage only for workers' compensation claims by employees, and that the physicians in question were not employees of the Insured. Therefore, it entered judgment in favor of the Insured. Continental appeals.

The parties disagree as to the proper standard of review. Continental argues that the district court's decision resolves questions of law and is, therefore, subject

to de novo review. The Insured argues that, because this case originated as a suit for declaratory relief, the abuse of discretion standard applies.

"In Alabama, the interpretation of a contract, including an insurance contract, is a question of law reviewed de novo." *Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co.*, 480 F.3d 1254, 1258 (11th Cir. 2007) (*citing Royal Ins. Co. of Am. v. Whitaker Contracting Corp.*, 242 F.3d 1035, 1040 (11th Cir. 2001)). This rule applies notwithstanding the fact that the complaint seeks declaratory relief. *See Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1238 (11th Cir. 2000) (citation omitted) (in declaratory judgment action, question of law is considered de novo).

Under Alabama law, the district court's determination that the emergency room physicians are independent contractors rather than employees is a factual finding. *See Liberty Mut. Ins. Co. v. D & G Trucking, Inc.*, 966 So. 2d 266, 268 (Ala. Civ. App. 2006). Therefore, we review that decision for clear error. Fed. R. Civ. P. 52(a)(6).

The Policy is titled "WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY." (R.2-40, Ex. 36 at CNA0145). Part One of the Policy is titled Workers Compensation Insurance. (*Id.*) Part Two of the Policy is titled  Employers Liability Insurance. (*Id.* at CNA0146.) The Policy premium is calculated by multiplying a rate by "payroll and all other remuneration paid or payable during the policy period for the services of:

3

1. All [the Insured's] officers and employees engaged in work covered by this policy; and

2. All other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy."

(*Id.* at CNA0148.)

Continental argues that, because Part One of the Policy not only indemnifies the Insured for payment of all workers' compensation benefits due but also states that Continental has the "duty to defend at [its] expense any claim, proceeding or suit against [the Insured] for benefits payable by this insurance," (*id.* at CNA0145), the premium should be calculated based on the remuneration payable not only to officers and employees of the Insured but to *all* persons engaged in work that could make Continental liable for the costs of defending a workers' compensation lawsuit brought by any such person.

We disagree. What claims Continental has the duty to defend is not at issue in this case. The Policy states that premium is to be calculated based on the remuneration payable to persons engaged in work "that could make [Continental] liable" under the workers' compensation part of the policy. (*Id.* at CNA0148.) We read this phrase to mean that premium must be calculated based on remuneration payable to persons who could be "due the benefits required . . . by the workers

compensation law." (*Id.* at CNA0145.) The parties do not dispute that, under Alabama law, workers' compensation is payable only to employees. *Birmingham Post Co. v. Sturgeon*, 149 So. 74, 76 (Ala. 1933.) So, if the emergency room physicians in question are not employees of the Insured, neither the Insured nor Continental can be liable to them for payments required by the workers' compensation laws. And, the premium cannot be calculated based on remuneration payable to them by the Insured.

Whether Continental's duty to defend under Part One of the Policy arises when a workers' compensation plaintiff alleges, truthfully or not, that he is an employee of the Insured is not relevant. To read this Policy to calculate premium based upon the remuneration paid to the broad universe of persons who might claim to be employees is not reasonable.

We find no reversible error in the district court's determination that the physicians in question are not employees. First, we reject Continental's argument that the district court improperly assumed the role of Alabama state courts by making the determination that the physicians were not employees. Continental filed this action seeking a declaration that the Insured owed Continental premium. In order to determine whether Continental was due the premium, the district court had to determine whether the physicians were employees (and therefore persons who might

5

be entitled to benefits under the workers' compensation law). And, we find no clear error in the district court's finding that the physicians were not employees of the Insured. Applying the "right to control" test that Alabama courts use to determine the existence of an employer-employee relationship, the district court's order extensively analyzes the facts of the Insured-physician relationship (*see* R.6-63 at 13-21) and concludes that the facts do not evidence the sort of control necessary to establish an employment relationship. (*Id.* at 21.) There are facts in the record which support the district court's finding, not the least of which is that the contract between the Insured and each physician identifies the relationship as an independent contractor relationship in which the physician has no right to workman's compensation. (*See id.* at 14-15.)

We affirm the judgment.

AFFIRMED.